UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOSH FOREMAN,** <br><br> Plaintiff, <br><br> v. <br><br> **DETROIT ENTERTAINMENT, L.L.C., d/b/a MOTORCITY CASINO HOTEL,** <br> Defendant. | Case No. 2:25-cv-13185 <br><br> Hon. <br><br><br> Removed from Wayne County Circuit Court <br> Case No. 25-014319-CZ |

| | |
|---|---|
| William R. Frush (P87016) <br> F&S Law, PLLC <br> Attorney for Plaintiff <br> 6670 Kalamazoo Ave., SE <br> Suite D Unit 1118 <br> (248) 675-9192 <br> wfrush@fslawpllc.com | Emily M. Petroski (P63336) <br> Jackson Lewis P.C. <br> Attorneys for Defendant <br> 2000 Town Center, Suite 1650 <br> Southfield, MI 48075 <br> (248) 936-1900 <br> Emily.Petroski@jacksonlewis.com |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1331, 1367, 1441, and 1446, Defendant, Detroit Entertainment, L.L.C., d/b/a MotorCity Casino Hotel, by and through its counsel, Jackson Lewis P.C., hereby removes this action from the Wayne County Circuit Court, State of Michigan, where it is now pending, to the United States District Court for the Eastern District of Michigan, Southern Division. In support of its Notice of Removal, Defendant states as follows:

## OVERVIEW

1. This case is removable to the United States District Court because this Court has original jurisdiction over Plaintiff's claims under the Americans with Disabilities Act ("ADA"), pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over Plaintiff's Persons with Disabilities Civil Rights Act ("PDCRA") claims, pursuant to 28 U.S.C. §1367. Accordingly, removal from the state court to this Court because of the existence of a federal question is proper under 28 U.S.C. §1441.

2. This Notice of Removal is timely filed under 28 U.S.C. §1446.

## SERVICE OF THE COMPLAINT AND SUMMONS

3. On September 12, 2025, Plaintiff commenced an action against Defendant, titled *Josh Foreman v. Detroit Entertainment, L.L.C., d/b/a MotorCity Casino Hotel*, Case No. 25-014319-CZ, in the Wayne County Circuit Court, State of Michigan.

4. A copy of the Complaint in that case is attached as **Exhibit 1**. Defendant was improperly served with the Complaint on September 20, 2025.

5. The documents attached as Exhibit 1 constitute all process, pleadings, and orders served upon Defendant to date in that matter pending in state court.

## STATEMENT OF GROUNDS FOR REMOVAL

6. 28 U.S.C. §1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. 28 U.S.C. §1331(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. Plaintiff's Complaint alleges three causes of action: (1) Violation of the PDCRA; (2) Violation of the ADA; and (3) Declaratory Relief under the ADA and PDCRA.

9. This Court has original jurisdiction over Plaintiff's ADA claims, pursuant to 28 U.S.C. §1331.

10. This Court has supplemental jurisdiction over Plaintiff's PDCRA claims, pursuant to 28 U.S.C. §1367, because they are so related to Plaintiff's ADA claims that they form part of the same case or controversy.

11. Accordingly, removal from the state court to this Court is proper under 28 U.S.C. §1441.

## VENUE

12.    Venue properly lies in the United States District Court for the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1391(b) because the state action was filed in this district and the state action asserts that the alleged unlawful actions took place in this district.

## REMOVAL

13.    The prerequisites for removal under 28 U.S.C. §1441 have been met.

14.    This action is thus properly removable under 28 U.S.C. §1441(a) because this Court has federal question jurisdiction under 28 U.S.C. §1331.

15.    Pursuant to 28 U.S.C. §1446(b)(2), Defendant files this Notice of Removal within 30 days after it was improperly served with the Complaint.

16.    Defendant has not yet filed an answer or other responsive pleading in the state action.

17.    Defendant has paid or will pay the filing fees prescribed by this Court's rules.

18.    This Notice of Removal is being served upon Plaintiff by U.S. Mail and electronic mail, and a copy of the Notice of Removal is being filed with the Clerk of the Wayne County Circuit Court pursuant to 28 U.S.C. § 1446(d)

19. Defendant submits this Notice of Removal without waiving any of its defenses to the claims asserted by Plaintiff, or conceding that Plaintiff has asserted claims upon which relief can be granted.

WHEREFORE, Defendant respectfully requests that the U.S. District Court for the Eastern District of Michigan, Southern Division, accept jurisdiction of this action, and henceforth that this action be placed upon the docket of this Court for further proceedings as if this case had been originally instituted in this Court.

Respectfully Submitted,

/s/ Emily M. Petroski
Emily M. Petroski (P63336)
Jackson Lewis P.C.
Attorneys for Defendant
2000 Town Center, Ste. 1650
Southfield, MI 48075
(248) 936-1900 (ofc)
(248) 936-1901 (fax)
Emily.Petroski@jacksonlewis.com

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing and this Proof of Service were served upon the attorneys of record of all parties to the above cause at their respective business addresses as disclosed by the pleadings of record herein on October 8, 2025.  I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

BY:  _X_ U.S. Mail             ___ FAX             _X_  Other (e-mail)

    ___ Hand Delivered             ___ Federal Express

*/s/ Emily M. Petroski*